|  |  |
|---|---|
| DISTRICT COURT OF THE VIRGIN ISLANDS DIVISION OF ST. CROIX | |

| | |
|---|---|
| Averricia WILLIAMS and Lunsford A. WILLIAMS,<br><br>      Plaintiffs,<br><br>  v.<br><br>ORIENTAL BANK, Successor in Interest to the Bank of Nova Scotia,<br><br>      Defendant.<br>_____ | 1:20-cv-00026-WAL-GWC |

**TO:** Lee J. Rohn, Esq.
   Carol Ann Rich, Esq.

## ORDER DENYING DEFENDANT'S MOTION FOR STAY

THIS MATTER is before the Court upon Defendant's Motion for a Stay of Discovery Pending a Ruling on Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 20). Plaintiffs filed a response in opposition (ECF No. 22).

Defendant seeks a stay of discovery pending resolution of their motion to dismiss (ECF No. 9), which has been fully briefed and ripe for adjudication since November 17, 2020. Plaintiffs oppose a stay, arguing that the harm produced by the delay outweighs the possibility that the motion will be granted and eliminate the need for discovery.

**1.** **Local Rule of Civil Procedure 37.1 Applies to the Instant Order**

Defendant represents that on December 20, 2021, Plaintiffs requested that Defendant enter a Rule 26(f) discovery plan. Mot. at 2. Counsel conferred on January 25, 2022, and Defendant proposed that the parties agree to a stay of discovery pending a

*Williams et al v. Oriental Bank*
1:20-cv-00026-WAL-GWC
Order Denying Defendant's Motion for Stay
Page 2

resolution of the Motion to Dismiss. *Id*. Plaintiffs disagreed, and thus, Defendant now seeks a stay from this Court. *Id*.

Defendant represents that they offered to jointly seek an informal discovery conference with the Magistrate Judge under Local Rule of Civil Procedure 37.1, however, Plaintiffs took the position that this dispute does not fall within the scope of the Rule. Mot. at n.3.

> Prior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible . . . In the event counsel are unable to resolve the areas of dispute, a joint request shall be made for an informal conference with the Magistrate Judge.
> LRCi 37.1.

The instant motion arises from the parties' Rule 26(f) discovery plan. Thus, an informal discovery conference is required. Upon consideration that the issue is fully briefed, and an informal conference would only serve to delay the Court's ruling, the Court will exercise its discretion and waive the informal conference.

**2.     A Stay is Not Required, Nor Appropriate**

A district court has the discretion to stay discovery pending resolution of a motion to dismiss. *Fouad v. Milton Hershey Sch. & Sch. Trust*, Civil No. 1:19-CV-00253, 2020 U.S. Dist. LEXIS 251444 at *11 (M.D. Pa. 2020) (citing *Harman v. Datte*, 427 F. App'x. 240 (3d Cir. 2011)). A stay of discovery pending resolution of a motion to dismiss may be appropriate where "discovery would be futile" if the motion to dismiss were granted. *Id*. at *11-12 (citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010)).

*Williams et al v. Oriental Bank*
1:20-cv-00026-WAL-GWC
Order Denying Defendant's Motion for Stay
Page 3

In determining whether to issue a stay, courts must weigh competing interests and strive to maintain an even balance, mindful that the stay of a civil proceeding constitutes an extraordinary remedy. *Vitalis v. Crowley Caribbean Servs.*, 1:20-cv-00020-WAL-GWC, 2021 U.S. Dist. LEXIS 188277 at *2 (D.V.I. 2021) (internal quotations and citations omitted).

The movant for a stay of proceedings must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will work damage to someone else. *Id.* (internal quotations and citations omitted). The power to stay proceedings calls for the exercise of judgment, which must weigh competing interests and balance the hardships with respect to the movant and non-movant. *Id.* (internal quotations and citations omitted).

Courts generally weigh several factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.[1] *Id.* at 2-3 (internal citations omitted).

This Court has relied upon the following observation of the United States District Court for the Northern District of California in *Gray v. First Winthrop Corp.,* 133 F.R.D. 39 (N.D. Cal. 1990):

---

[1] Defendant argues that the fourth factor is inapplicable because there has been no discovery, the Court has not issued a Rule 16 Order, nor has the Court set this matter for a preliminary Rule 16 status conference. Mot. at 7. The Court agrees and will not discuss the fourth factor.

*Williams et al v. Oriental Bank*
1:20-cv-00026-WAL-GWC
Order Denying Defendant's Motion for Stay
Page 4

> Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. [sic] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. . . .  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.  This would circumvent the procedures for resolution of such a motion.

*Id.* at 40; *see also Vitalis*, 2021 U.S. Dist. LEXIS 188277 at *3 (D.V.I. 2021). This Court's Local Rule of Civil Procedure 26.6 specifically provides: "The filing of a motion under Federal Rule of Civil procedure [sic] 12 does not automatically operate to stay discovery.  Any party seeking a stay of discovery must apply to the Court for such relief."  Thus, the mere filing of a motion to dismiss by defendants is not enough, in of itself, to warrant a stay of discovery.

First, Defendant argues that a stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiffs because "[t]his is a case about a mortgage loan . . . Plaintiffs do not need discovery to obtain information regarding their own mortgage loan account." Mot. at 4. Plaintiffs disagree and contend that "[n]ot only are memories failing, and documents aging, and becoming more difficult to obtain, but Plaintiffs' home was not properly insured, and they have been unable to repair it, and it is deteriorating over the years Plaintiffs have been waiting to get relief." Opp'n at 5. Plaintiffs identify a hardship common to every plaintiff, in that plaintiffs would benefit from having their case resolved in their favor. Thus, Plaintiffs' statement regarding repairs to their home does not establish a tactical disadvantage, nor undue prejudice. Likewise, references to unspecified memories and documents deteriorating are a common result from any delay in discovery and do not establish a tactical disadvantage with any clarity. The Court does note that the Motion to

*Williams et al v. Oriental Bank*
1:20-cv-00026-WAL-GWC
Order Denying Defendant's Motion for Stay
Page 5

Dismiss has been fully briefed for over a year and remains pending before the District Judge. Thus, a stay pending resolution of the Motion to Dismiss would delay discovery extensively.

Second, Defendant argues that denial of the stay would create a clear case of hardship or inequity for Defendant because the "nature of the claims virtually ensures that discovery will be contentious, as Defendant will be forced to object to the relevance of the information Plaintiffs will seek, which will result in motion practice and expenses, all for issues that could be rendered moot at any time." Mot. at 4-5. Plaintiffs argue that the assumption that Plaintiffs will request irrelevant discovery is baseless. Opp'n at 5. Plaintiffs further state that "Defendant is entitled to object within the rules, and the Court may disallow irrelevant discovery. The remedy is not to rule that Plaintiffs are entitled to no discovery at all."[2] *Id.* at 5-6. The Court agrees with Plaintiffs' statement that Defendant is entitled to object within the rules at the appropriate time. The presupposition that Plaintiffs may request irrelevant discovery does not create a clear case of hardship or inequity but refers to a common occurrence in pretrial preparation.

Third and finally, Defendant argues that a stay would simplify the issues and the trial of the case because a "ruling on the Rule 12 Motion may result in dismissal of the entire FAC. At a minimum, a ruling on the Rule 12 Motion is likely to significantly narrow the issues, which will significantly reduce the potential costs of discovery." Mot. at 7.

---

[2] The Court notes that an order to stay the case pending resolution of Defendant's motion to dismiss is not the equivalent of ruling that Plaintiffs are entitled to no discovery at all.

*Williams et al v. Oriental Bank*
1:20-cv-00026-WAL-GWC
Order Denying Defendant's Motion for Stay
Page 6

Defendant and Plaintiffs use their motion and responsive pleading to argue the details at issue in the Motion to Dismiss. This Court will not use the instant motion to make a preliminary finding of the likelihood of success on Defendant's Motion to Dismiss. A pending motion to dismiss does not result in an automatic stay. Thus, Defendant's argument that a stay would simplify the issues because a ruling upon their Motion to Dismiss may result in a full dismissal of the above-captioned matter is unpersuasive.

Upon consideration of the motion and opposition, this Court finds that Defendant has not established a clear case of hardship or inequity in being required to go forward, and that granting the stay would unduly delay proceedings and prejudice Plaintiffs.

Accordingly, it is now hereby **ORDERED** that Defendant's Motion for a Stay of Discovery Pending a Ruling on Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 20) is **DENIED**.

ENTER:

Dated: February 9, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE